The opinion of the Court was delivered by
ONealu, J.
1st. How is the indorsement of the note by A. Houston to be regarded ? If it were necessary to sustain this case, it might be regarded as such an indorsement as would charge the deceased as indorser. For, notwithstanding the note is payable to the plaintiff or bearer, yet the presumption in the absence of proof would be, that McOelvey passed the note by delivery to A. Houston, and that he afterwards indorsed, and delivered it to the plaintiff. This presumption arises fronp the fact of the indorsement, and might be properly made to give effect to the defendant’s liability.
2d. But I hold that A. Houston may be charged as maker. For it is not necessary to have that effect, that he should put his name on the note, when made. His after signature is just as good. Devore vs. Mundy, 4 Strob. 15, is an authority to that point. The note there was made by Brannon, on the 10th January, 1844, to the defendant, L. H. Mundy, or- bearer. He transferred it on the 10th January to John W. Mundy, and to induce him to take it, he signed it as maker. John W. Mundy passed it to Albert Mundy, he returned it to John W. who passed it to the plaintiff. In that case, it was held,- as had been previously done in Ives vs. Pickett, Oats & Griffith 2 McC. 271-2, that he who signed a note after other parties made it, became liable, as by a several undertaking. That being so, A. Houston, who indorsed the note 10th October, more than seven months after it was made, and after it was due, is to be regarded, as the maker of a new note on that day. For according, to Stoney vs. Baubien, 2 McM. 313, if he *171 cannot be charged as indorser, he may, to give effect to the intention of the parties, be charged as maker. This will be the case, if it be shown, that he indorsed the note, then past due, in the hands of the payee, to secure the payment. On such proof it will be clear, that the presumption that he had the possession of the note, as bearer, is rebutted, and that he cannot be charged as' indorser. The writing of indorsement cannot have legal effect as such, and of course to give effect to the intention of the parties, he may be charged by his signature, as maker. The case of Stoney vs. Beaubien, in many respects is illustrative of this position.
3d. If necessary, this indorsement might be treated as a guaranty, and if the proof should show, that A. Houston’s intention was really only to make himself liable, in the event of his son’s failure to pay, and that he thus guaranteed the note to secure further indulgence to his son, then considered in that point of view, the evidence of demand and notice is sufficient according to Benton vs. Gibson, 1 Hill, 56, to charge the deceased.
The motion to set aside the nonsuit is granted.
W ardlaw, and Glover, JJ., concurred.

Motion granted.